Good morning and may it please the court. I'm George Anthony Long and I'm the attorney for Royal Crown in this matter. I'd like to reserve five minutes for rebuttal. Subject matter jurisdiction exists over this case and Royal Crown's claim for injunctive and declaratory relief under 1983 is not barred by res judicata and its claims arising from the claim for judicial review are also not barred by the statute of limitations. Jurisdiction exists over the claims from the judicial review claim for relief on the basis of BNS v. O'Day, wherein this court recognized that when there's a claim arising from the judicial review of a state administrative agency that includes federal constitutional issues as well as state law issues, then the court has original jurisdiction over the federal issues and supplemental jurisdiction over the state law issues. And that's exactly the circumstance we have here. Now, the claim is not barred by the statute of limitations as the court found. In this case, the court found that based on the statutory provision of 3 CMC 4948C, Royal Crown's claim was untimely because it was not filed 30 days after it filed its appeal to the secretary for review of the hearing officer's determination. In doing so, the court relied on the provision that says, specifically that says that if, that basically says the secretary's failure to confirm or modify a finding, decision, or order within 30 days shall constitute confirmation of the findings, decision, and order and be the final action of the secretary for judicial review. Now, we submit that this particular provision is ambiguous simply because when you read the entire statute of 4948, for instance, 4948B provides that once an appeal is filed with the secretary, the secretary has the discretion in handling an appeal, how it handles the appeal. It can restrict review to the record. It can supplement the record. It can take new evidence or hold oral argument. It can actually conduct a de novo hearing. The secretary has all that discretion. Counsel, that's if an appeal is taken, and in this case, no appeal was taken. Yes, an appeal was taken, Your Honor. The appeal was taken because After 30 days. Excuse me, Your Honor? After 30 days. Well, the question is, the reason why we say it's ambiguous is that in a 30-day period, once you come down to 484948C, it says that upon completion of review, if the secretary does not, if the secretary fails to issue a decision within 30 days, then that decision is deemed to be final. And the point is, is when does the secretary complete the review? It's unclear from the record how we ascertain. Well, I thought it was a great statute. It seems to me if everybody had this, we'd get everything done in 30 days. Well, Your Honor. We'd put people to work. We'd get things done. We wouldn't be in court forever. We wouldn't be in the hearing process forever. The secretary's either got to get on the stick, he's got to decide what he's going to do, he's got to get all the records in there, and he's got to have his hearing within 30 days. And if he doesn't, done. Well, Your Honor, our position is, well, but that's not really what the statute says. For instance, the statute doesn't say within 30 days after filing the appeal, then the secretary should do these things. And the failure to do so then becomes a final decision. What B says is that on appeal, the secretary has to at least do some form of a review. It can either restrict review to the record. It can order a new hearing. It has a discretionary thing. Then C says upon completion of review, then if the secretary fails to act within 30 days. So the triggering point is the review. Well, but aren't you really just suggesting then that based on your interpretation of this statutory complex, the secretary never has to do anything, fiddle around forever? I mean, if I give the effect that you have to this statutory complex, as long as the secretary decides to do something, they can fiddle along forever and really don't ever have to make a decision. Well, if that's the case, there's always remedies for that. For instance, if the party feels the secretary isn't proceeding or is just sitting on a decision for long, there's always a mandamus action that can be filed So this statutory complex anticipates that every time you don't like what the secretary is doing because they're going to sit on it forever, you've got to file a mandamus action? I'm sure there has to be a reasonable period of time given that after a certain point, if it appears that nothing is being done because you can always file a request for the secretary to act on the matter, there are remedies that can be done. However, we'd like to point out, Your Honor, that our position is in your interpretation, aren't you also suggesting that the parties never know when the statute begins? That's correct. Because if the parties never know and the secretary never gives notice, because there's nothing in the statute to suggest the secretary is supposed to give notice, then we just sit here with nobody knowing anything until whenever. And we don't even know when. That seems like an improbable interpretation of this statutory complex. Well, that's the way, essentially, that's the circumstance that existed even before this statute came into effect. And we submit that the statute does not remedy that situation because we submit that it's not only our interpretation, this is the interpretation that the Secretary of the Department had itself. In fact, that's the second position it took in the case of a Superior Court case called Lee, which was decided after the secretary issued its order in this case. In this case, the secretary issued the order on July 31st of 2009. While the secretary any deference? Not on legal issues, no, Your Honor. So then what the secretary said or didn't say makes no difference? That's correct, Your Honor. That's how it would be oppositional, because what we have here on the- Because I guess my problem is if you're going to say that's what the secretary did later on and therefore the secretary's bound, the secretary definitely doesn't want that interpretation now. Well, now, obviously they've taken a different position in this case. We acknowledge that. What the point is, is that a lot of times is that deference is given to an agency's maybe interpretation of a statute. And at the time that the secretary issued the decision in this case, his position was that that 30-day period did not, excuse me, the secretary did not have to, if it didn't happen in 30 days, the decision was not final. That was the position. If I don't go with you on this, then it seems to me equitable tolling also doesn't apply, because viewing the evidence in the record, the delay was either caused by the neglect or counsel's misreading of the statute. And none of those apply to equitable tolling. Well, we would say that equitable tolling would apply in this case because if the matter became final, because of nondecision, there would be no reason or basis for the secretary to issue a written order. Well, but that, just because there's no basis, if I'd have been the secretary, I'd have remained mum. This secretary evidently likes to say what he wants to do, regardless of whether it has any effect or not. But I'll put it this way. When the secretary issued its decision on July 31st, then that seemingly showed that it was a way. Was it different than the decision would have been without doing anything? Was the decision of the secretary on July 31st any different than if the secretary had done nothing? Wasn't it the same result in either event in this situation? The same result. That's correct. But what we also say creates an ambiguity here is that when you read it, what the secretary's power is, is to either, what, confirm or modify. Now, the whole point is, well, modify, does that mean the ability to set aside or not? If modify means only maybe change certain aspects but not set aside, then there's a question as to whether the secretary, you know, that 30-day period wouldn't run if the secretary's decision was to set aside. That's also a bit of an ambiguity because it only goes to the secretary does not confirm or modify. Counsel, you're using up all of your time on this. Would you address the preclusive effect issue of the secretary's decision? Okay. We think that the secretary's decision is on the statute of limitations. If that is affirmed on the judicial review claim, that does not bar the claim under 1983 because there's a larger statute of limitations period from 1983, and the 1983 claim includes issues that are beyond the scope of this particular judicial review. It's just not limited to what the secretary decided and ruled in this particular case. Thank you very much. Unless there's any other questions, I will save the balance of my time for rebuttal. Thank you. Good morning, Your Honors. May it please the Court, my name is William Fitzgerald. I'm representing the Commonwealth of the North American Highlands. The questions and the comments of Judge Smith were right on point and exactly the argument that I wanted to make. Well, there is one, since you want to go right to what I think on that and the questions that I asked, there is one question I'd like to ask you. Yes, sir. Okay, so everything ends if the secretary doesn't do anything in 30 days. Now the secretary comes out with a decision not affirming, as they did in this instance, but going the opposite way. Right. And now one who should have appealed didn't appeal because he wouldn't have had any reason to appeal. Is that not a problem? Yes, Your Honor. The point is that the Labor Department is, in writing these decisions, is doing so in order to lend guidance to the hearing officers and to explain the law and so forth. But in reality, just as you said, the law is clear. 30 days after the appeal is filed. You didn't really answer my question. The secretary comes out with a decision that's unfavorable to me, which if the secretary had done nothing, I had a favorable decision, and so now I'm stuck? No, it's irrelevant. If he doesn't do anything within the 30 days, it's finished. So his nice writing after that is totally irrelevant, doesn't make any difference, even though that's the law for the future? Yes, Your Honor. It's totally irrelevant. It doesn't make any difference. The law is clear, and the Lee case, which is cited by both sides, which is a lower court decision, a trial court decision, explains that the statute was passed because there was a problem in the fact that the hearing officer would hear these cases, and there's a large number of cases because of the shutdown of the garment factories in Saipan and a lot of workers not getting paid. So there are a lot of these cases, and the hearing officer would make his decision, would hear the evidence and so forth, and then there could be an appeal to the director of labor, and months and months and months could go by before the director of labor would write a decision. The legislation felt that this was not appropriate, that these workers, and they're marginal workers, they're not getting paid much, that they had a right to get their claims adjudicated quickly. So they changed the law. It's a statutory scheme, and they said that once the hearing officer makes all his findings and so forth, if somebody wants to appeal, they've got 30 days, or they appeal to the secretary of labor. Once the appeal is made to the secretary of labor, 30 days goes by. If the secretary of labor wants to write something, if he thinks it's important enough to write something, he will. If he doesn't think it's important enough to write something, it's finished after 30 days. Even if he'd write something contrary to the decision which has now been affirmed? If he writes something within 30 days, which is contrary to the- No, no, after the 30 days. After the 30 days, whatever he writes is for internal consumption of the hearing offices and so forth, to give guidance to them and so forth. It has no effect on the time when appeal has to be made to the Superior Court of Guam, or of the CNMI, sorry. It has no effect on the time. So it's final agency action, and under Judge Smith's hypothetical, the aggrieved party could then request judicial review. What's the time limitation on that? Yes, 30 days after that. And is there a requirement of exhaustion imposed on the aggrieved party? Exhaustion in what sense? Potential. So is it considered that the aggrieved party who couldn't file an appeal within 15 days because he thought he was the prevailing party, is he required to do some other sort of administrative exhaustion of remedies? No, Your Honor, I think what we have a decision by the hearing officer. If the hearing officer makes a decision in favor of one side or the other, unless the- and that is then the prevailing party. And within 30 days, the Director of Labor doesn't write any decision. It becomes final. And so the person who prevailed prevails. So and then, as I understand it, if the Secretary comes out and writes something contrary to what the hearing officer did, after the 30 days has been done, that the poor person who is aggrieved by this contrary position by the Secretary is thereafter left without any ability to fight that contrary decision. That's what you're suggesting? Yes, Your Honor. The contrary decision is-it's not going to have any effect on that person. The prevailing party prevailed. And then if the Secretary of Labor does not write a decision, it's final. If the Secretary of Labor then decides that they would like to write a decision and they decide to write something, it doesn't make any difference for the two parties that were in that proceeding. That's the point. I guess my worry, and I don't want to take up a lot of time with it, is I read Penn Railroad Company v. The United States, a Supreme Court case, that suggests that an abstract declaration or advisory opinion may not be reviewable, but it seems like an order that determines a right or obligation so the legal consequence will flow from it is reviewable. And if, in fact, in the future, that particular opinion is going to be what happens in every thereafter event, that seems a little uneasy to me that that person is then stuck. Well, I don't think the person is really stuck. The subsequent decisions by the Labor Department, by the Director of Labor, basically once that decision, once the 30 days goes by, the Director of Labor should not have the ability, does not have the ability, to change anything. And what he's writing, though, is for the internal consumption of the Labor Department and to say how the law should be applied. And if it's contrary to what that decision was, then that's something that, according to the statutory scheme, is just final. Because the point of the legislature in passing the statute was to make sure that the Director of Labor could not delay all of these claims going forward to getting to having judicial review by not writing a decision. So they made it clear that after 30 days, nothing in writing by the Director of Labor, the time for appeal to the Superior Court of the CNMI begins to run, and you've got 30 days. Do you want to address the, I mean, we have a statute of limitations decision here, not even affecting the ultimate of what the claim is, and then you want us to give preclusive effect to even fighting this claim when the administrative agency didn't even talk about the ultimate issue, didn't even come down with an ultimate issue.  No, the district court, I mean, what we're talking about is there was a very detailed decision by the hearing officer. Well, okay, yes, and the hearing officer said what he said, but then after that nobody said anything else, and the district court says the statute of limitations takes care of this. Well, basically, I think they were more inclined to say that the appeal wasn't taken, it could have been taken, it's a final agency action. So then the statute of limitations, without any other decision whatsoever, without us not knowing anything more about what the district court says, is then going to have preclusive effect on him being able to bring this claim to court. I think the district court followed that Messitia case, you know, very closely, and it was really more of an issue preclusion because the case was not appealed, it's a final agency action, and therefore it's raised judicata as to the same claim being brought in the district court. I believe that's what Judge Munson's rationale for it was. Well, I put it in the best terms I could to try to reflect his argument, and I just wanted to hear your answer. And, Your Honor, I'm wondering as well if there's any questions on this jurisdictional issue because I think it's pretty much been conceded by the, you know, by the appellant that the CNMI is not a person for purposes of 1983, and that the only defendant left would be the director of labor, or acting director of labor in her official capacity. And she, and the only, it's not an action for damages, it's an equitable action, it's an action for declaratory relief or injunctive relief. And the supplemental jurisdiction that they're asking for, that the court had, is discretionary. And the court need not grant them. So there may not have even been any jurisdiction for the court to begin with, and I think the court asked us to brief those issues. But even if there was jurisdiction, that Judge Munson's decision followed closely, hewed very close to the Ninth Circuit precedent of the Messitia case, which involved a dentist. And so because of that, I think that it's pretty much a fait accompli. There's no reflection that the Messitia case should not be followed by this court. And like I said, the supplemental jurisdiction is discretionary, and even the court could have exercised its discretion to apply the abstention doctrine, because it is an equitable action. And there are very serious questions of state law here. I mean, if you look at the complaint, the complaint is complaining about violations of the CNMI Administrative Procedure Act. I mean, it's all couched in 1983 in constitutional terms, but if you look at the complaint and the relief that it's asking for, it's talking about state law. And it's a state court that should be determining what these issues of state law are. And the abstention doctrine says that the district court could have just said, we're not going to hear this because there are, you know, serious questions of state law. And even the supplemental jurisdictional statute reflects the understanding that when deciding whether or not to exercise supplemental jurisdiction, the federal court should consider and weigh, in each case, at every stage of litigation, the values of judicial economy, convenience, fairness, and comedy. There's a labor department in the CNMI. There's a big problem with all the people that have been put out of work because China entered the World Trade Organization, all those factories closed down. They had a tremendous backlog of cases to deal with. They've tried to afford these workers the best opportunity possible to get some justice. And this scheme, the legislative scheme, was to allow a quick resolution in the Superior Court. Judge Munson recognized that. He recognized that the defendant, or excuse me, the appellant, had made a conscious choice not to appeal to the Superior Court, as he had the right to do, and said that's final agency action. You can't come here and re-litigate the same claims. Thank you. Thank you. Thank you, counsel. On the statute of limitations argument, the County and the Commonwealth are really arguing for an interpretation of the statute that's not reflected in the plain language of the statute. 4948C, the very first sentence says, Upon completion of review, the secretary shall confirm or modify a finding, decisions, or order as soon as practical. Then it provides failure of the secretary to confirm or modify within 30 days shall be deemed conclusive. Now, the problem is that the Commonwealth and Compact want to ignore the first sentence that says, That's the triggering point for the 30-day period. The statute doesn't say 30 days after filing the notice of appeal. That's not what the statute says. The duty of the secretary is first to complete a review. Then, after completing the review, reading the statute according to its plain terms, and a fair reading, the 30-day period begins. That's the problem we have with the statute. When is that review completed? You have no idea. In this case, we submit the finicum. Review was completed, obviously, when the secretary issued that written ruling on July 31. Not indicated, but what day before then? Nobody knows. The secretary didn't issue out an order and said, I've completed my review. That's not done. So a party's just left grappling. Because if you appeal, as always, well, has the secretary completed the review? You don't know. So how can you appeal 30 days after filing a notice and then say, The secretary has not completed the review? It is unknown. So under this statutory scheme, you have to both appeal to the secretary, and then if the secretary does nothing, then you have 30 days in which to file for judicial review. Correct. After completion of review, the best reading of the statute is that after the secretary completes review, if the decision is not issued within 30 days after that time, then you have the right to appeal. So it requires you to both appeal to the secretary and to file for judicial review without knowing what's the outcome of your appeal. Well, you want to think, first there's a decision by a hearing officer. All right. Then after the hearing officer issues its decision, okay, whenever that is, you have 30 days to appeal to the secretary. Now, then the statute says the secretary has to, upon completion of review of the record, the secretary has to either confirm or modify the findings, decision, or order. If the secretary fails to act within that 30 days, then that failure to act shall be considered the decision of the secretary to file. So then you have the right to appeal for judicial review. So what we have here is that from the hearing officer there's appeal to the secretary. Then the secretary has to complete a review of the record. Then after the completion of the review, then the secretary has 30 days to issue a written ruling. If the secretary doesn't do so, then there's a bar. But the triggering of the 30-day, the best reading of the statute, the triggering of this 30-day period, if the secretary fails to do anything, is upon completion of review. That's the way the statute is written. Let me ask you a question. Oh, sorry. Just to follow up on that, how do you know when the secretary has completed review? We don't. That's the problem with the statute. That's also what makes the statute ambiguous. That's why we say in this particular case, we know at least it occurred on July 31, which was the date the secretary issued his decision, saying, telling us that, one, it was just looking at the record. It wasn't going to have any oral argument. It wasn't going to have any new evidence or anything, just relying purely on the record. But we do know in this case that was the case at least on July 31. Did the July 31 order in any way suggest that Royal Crown had another 30 days to appeal? No. No, it does not say that. Did the July 31 order misrepresent any CMNI law? No, it did not. In fact, the July 31 order doesn't say one thing to give counsel any ability to suggest the argument you're making. All it did was come out with an order. And the phrases you read from 4948C, there are phrases there. But there's one phrase which is absolutely clear, and it says right in there, the failure by the secretary to confirm or modify the DOL hearing within 30 days shall constitute confirmation of the DLO hearing officer as the final action of the secretary for purposes of review. Now, reading that language, which is absolutely clear, I don't know how I can suggest that failure within 30 days shall constitute confirmation and the final action from which review should be taken. You can read a lot of phrases in C, but that phrase is pretty clear. Correct, Your Honor. And we will submit that when you read the very first sentence, the secretary's obligation to issue a written finding or written determination only comes into effect after a review. And that's our point. It's that that provision the court relies on doesn't say when the 30-day period begins. And that's what I think makes the statute ambiguous. Thank you for your argument, counsel. Thank you, counsel. Okay. Royal Crown v. CNMI is submitted and will take up.
judges: Alarcon, Wardlaw, Smith N. R.